UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Colten Petersen, *as assignee of Estate of D'Ann Dixie Munion*, | File No. 22-cv-976 (ECT/DJF) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Allstate Mutual Insurance Company, | |
| Defendant. | |

Nathan H. Bjerke, TSR Injury Law, Bloomington, MN, for Plaintiff Colten Petersen.

Brian A. Wood, Joao C.J.G. De Medeiros, and Matthew D. Sloneker, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, for Defendant Allstate Mutual Insurance Company.

In this diversity case removed from Hennepin County District Court, Defendant Allstate Mutual Insurance Company has filed an early summary-judgment motion.[1] The short version of a somewhat labyrinthine factual and procedural history is this: Plaintiff—as assignee of the estate of an Allstate insured—alleges that Allstate breached its duty of good faith when it refused to settle a tort claim brought against the estate. Allstate seeks summary judgment on the theory that it owed the estate no duty. Allstate's motion will be denied. At least on this record, the better answer is that Allstate owed the estate a duty of

---

[1] Under the current scheduling order, the deadline to file dispositive motions is June 30, 2023. ECF No. 9 at 4.

good faith, and fact questions preclude a dispositive ruling that Allstate did not breach that duty.

I

In August 2016, Plaintiff Colten Petersen was injured in an automobile accident caused by the negligence of Defendant Allstate Mutual Insurance Company's insured, D'Ann Dixie Munion. Compl. [ECF No. 1-2] ¶¶ 2, 12. Ms. Munion died less than a year after the accident, apparently of causes not related to the accident. ECF No. 17 at 2.

In December 2017, more than nine months after Ms. Munion's death, Petersen demanded payment from Allstate of Ms. Munion's $100,000 policy limits to settle his personal-injury claim, asserting he had already amassed medical bills of more than $30,000. Compl. ¶ 13. Allstate rejected Petersen's demand, countering with an offer of $5,000. *Id.* ¶ 14.

In January 2019, Petersen brought suit against Ms. Munion's estate in Ramsey County District Court. *Id.* ¶ 15. Before trial, Petersen made an offer of judgment in the amount of $20,000. Allstate rejected Petersen's offer and countered with its own $18,000 offer of judgment, which Petersen rejected. The case then proceeded to trial. ECF No. 17 at 2. In February 2020, a jury returned a verdict of $597,949.94. Compl. ¶¶ 19–20. After offsets for other insurance coverage, the Ramsey County District Court entered judgment in Petersen's favor for $576,489.72. ECF No. 17-2 at 12.

Allstate ultimately paid Petersen the policy limits of $100,000 plus costs and interest of just over $50,000. Compl. ¶ 22. The judgment against the estate for approximately $425,000 remains unsatisfied. *Id.* ¶ 23. At the time this lawsuit was filed, Ms. Munion's

estate remained in probate in Dakota County, where she had lived at the time of her death; Allstate has submitted evidence that there are other unpaid claimants against the estate in addition to Petersen.  ECF No. 14-11.

At Petersen's request, the Ramsey County District Court appointed a receiver over Ms. Munion's estate to assign any claims the estate may have had against Allstate.  ECF No. 17-2 at 14.  The estate assigned its claims to Petersen.  ECF No. 17-2 at 15.  Petersen then filed this lawsuit in Hennepin County District Court, raising a single claim that Allstate breached its duty to the estate by failing to settle Petersen's claim within the policy limits.  Compl. ¶¶ 27–32.

II

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" only if its resolution might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Minnesota law recognizes a cause of action against an insurer for bad-faith failure to settle a claim.  *Short v. Dairyland Ins. Co.*, 334 N.W.2d 384, 387 (Minn. 1983).  Such a claim arises out of the insurer's fiduciary duty to its insured to exercise "good faith," or to "view the situation as if there were no policy limits applicable to the claim, and to give

equal consideration to the financial exposure of the insured." *Id.* at 387–88 (citations omitted). This fiduciary duty "is breached in situations in which the insured is clearly liable and the insurer refuses to settle within the policy limits and the decision not to settle within the policy limits is not made in good faith and is not based upon reasonable grounds to believe that the amount demanded is excessive." *Id.* at 388.

Allstate's primary argument here is that the estate never had authority under Minnesota law to assert a bad-faith claim, meaning it could not possibly have assigned a bad-faith claim to Petersen, and Petersen's claim in this case fails as a matter of law. Understanding this argument requires a quick review of Minnesota law regarding the authority given an estate's personal representative. Under Minnesota law, a personal representative of an estate "has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction *as the decedent had immediately prior to death*." Minn. Stat. § 524.3-703(c) (emphasis added); *see also Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 916 N.W.2d 491, 497 (Minn. 2018) (noting that, for an estate's representative to have standing to press a claim, "the cause of action would need to have existed, or accrued, before [the decedent] died"). Here, Allstate points out, its insured (Munion) had died by the time Allstate allegedly breached its duty to settle with Petersen in good faith. Therefore, the argument goes, the decedent had no claim against Allstate "immediately prior to death," and, according to Allstate, the estate likewise has no claim.

The problem with this argument, I think, is that it doesn't answer whether Allstate owed a duty to the estate (distinct from any duty it owed Ms. Munion while she was alive).

4

It seems reasonable at least to infer that, after Ms. Munion died, Allstate understood it owed obligations under the policy to the estate. If that weren't so, Allstate would have refused to defend the estate against Petersen's personal-injury claim. Allstate does not argue that it owed no fiduciary duty to the estate, and on this record, the better answer is that it did— or at least that a reasonable juror could find that it did. Allstate controlled the settlement negotiations on the estate's behalf against Petersen's personal-injury claim. Under Minnesota law, that exercise of control triggered Allstate's fiduciary duty. *Short*, 334 N.W.2d at 387 (tying the duty to an insurer's assumption of "control of the right of settlement of claims against its insured"). Allstate acknowledges this. At the hearing, it argued repeatedly that the fiduciary relationship arises when the insurer takes control of the settlement discussions. Hr'g Tr. (rough) at 6–7 ("And so the settlement negotiations are what creates this duty . . . ."); *id.* at 25 ("What triggers [the insurer's duty] is actually an act by the insurance company during the settlement negotiations where the insurance company takes control of the settlement discussions . . . ."); *id.* at 26 ("The Minnesota Supreme Court has said that when insurance companies . . . take control of the settlement negotiations, they enter into a fiduciary relationship with the insured . . . ."). And while cases on this precise question have proved difficult to find, there is support for the rule that an estate can "bec[o]me the insured" in this situation and be owed the same duty of good faith that would have been owed the original insured. *See Venn v. St. Paul Fire and Marine Ins. Co.*, 99 F.3d 1058, 1065 (11th Cir. 1996) (quoting *Camp v. St. Paul Fire and Marine Ins. Co.*, 616 So.2d 12, 15 (Fla. 1993)).

The idea that an estate may press claims like this on its own behalf seems unsurprising. Allstate's cited authorities support this proposition. In *Sec. Bank & Tr. Co.*, for example, the Minnesota Supreme Court assumed that a decedent's estate could have pursued its own claim for legal malpractice if it had an attorney/client relationship with the allegedly negligent lawyer, or if it had alleged that it was an intended third-party beneficiary of the attorney/client relationship between the decedent and the lawyer. 916 N.W.2d at 500–01. Similarly, the Eighth Circuit Bankruptcy Appellate Panel assumed that an estate had standing to file a proof of claim for conversion in a bankruptcy proceeding when the conversion against the estate occurred after the decedent's death. *In re Litzinger*, 340 B.R. 897, 903 (B.A.P. 8th Cir. 2006).

Allstate has a fallback. It argues that, if the estate had a bad-faith claim it could assign to Petersen, the claim would fail under the applicable limitations period. The general rule in Minnesota is that "[a]ll claims . . . against a decedent's estate which arose before the death of the decedent" must be brought within one year of the decedent's death. Minn. Stat. § 524.3-803(a)(3). Excepted from this one-year limitations period is "any proceeding to establish liability of the decedent . . . for which there is protection by liability insurance." *Id.* § 524.3-803(c)(2). This exception applies to proceedings to recoup liability insurance "to the limits of the insurance protection only." *Id.* According to Allstate, this provision means that after one year following a person's death, any lawsuit seeking to establish the decedent's liability under an insurance policy is capped at the limits of that policy. There is no dispute that Allstate has paid the policy limits to Petersen. Therefore, Allstate argues, it could not have breached any duty to settle with Petersen for above the

6

policy limits because Minnesota law capped Petersen's claim against the estate at the policy limits.

This argument is not persuasive on this record. Petersen's tort claim against Ms. Munion's estate to establish her liability—the Ramsey County District Court lawsuit—was not filed within one year of her death. But Allstate, which controlled defense of that action, apparently did not argue—either during settlement negotiations or in posttrial motions seeking remittitur of the damages award—that Petersen's recovery was capped at the policy limits because of § 524.3-803. In other words, there is an issue whether Allstate's failure to raise the argument in Ramsey County District Court forfeited or waived the argument here. Allstate's argument also does not account for the fact that it did not offer to settle with Petersen for the policy limits. Allstate offered Petersen $18,000, and only paid the policy limits when Petersen recovered more than five times those limits from the jury. On this somewhat undeveloped record, these fact questions remain material and disputed.

This is not intended to be the final word on these questions. Owing to the early filing of the motion, the law and facts are not well-developed. And Allstate has identified other issues that it might raise in support of a second summary-judgment motion. For example, there is an issue concerning whether the named defendant is a proper party. Allstate says the entity that should be named as the defendant in this case is Allstate Indemnity Company, not Allstate Mutual Insurance Company. Allstate also has questioned whether the state district court responsible for assigning the estate's claims to

Petersen had authority to do so. If necessary, these issues will be left for resolution as part of a successive summary-judgment motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Allstate Indemnity Company's Motion for Summary Judgment [ECF No. 11] is **DENIED**.

Dated:  November 14, 2022                           s/ Eric C. Tostrud
                                                                  Eric C. Tostrud
                                                                  United States District Court